# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Friday the 23rd day of August, 2019.*

BEFORE: All the Justices

Gregory Devon Murphy,                                                                                    Petitioner,

 against        Record No. 181522

Mary Clare Rehak Smith, Western State Hospital,                                        Respondent.


Upon Petition for a Writ of Habeas Corpus


Upon consideration of the petition for a writ of habeas corpus filed November 27, 2018, the respondent's motion to dismiss, petitioner's reply to the motion to dismiss, the April 3 and 24, 2019 rules to show cause, and petitioner's and respondent's responses to the rules to show cause, the Court is of the opinion the petition should be dismissed.

In 2000, petitioner was indicted in the City of Alexandria for capital murder and two counts of malicious wounding.[1]  Shortly thereafter, petitioner was deemed incompetent to stand trial, thus initiating almost fifteen years of efforts to restore him to competency.  In 2014, the Circuit Court for the City of Alexandria ("circuit court") found petitioner "is likely to remain incompetent for the foreseeable future" under Code § 19.2-169.3(A).  Accordingly, pursuant to Code § 19.2-169.3(F), the circuit court began ordering petitioner to a series of six-month periods of confinement in a state psychiatric hospital for "continued treatment."  On May 11, 2018, the circuit court entered one such order ("May 11 order").

Petitioner now challenges the legality of his confinement under the May 11 order and, ultimately, requests dismissal of his capital murder indictment.  Starting from the premise that the May 11 order was not supported by sufficient evidence that (1) petitioner's continued

---

[1] Petitioner's indictments for malicious wounding were dismissed in 2006 pursuant to Code § 19.2-169.3(D), which requires the dismissal of noncapital charges against an incompetent criminal defendant after a certain amount of time has expired.

treatment is "medically appropriate" or (2) he remains a danger to himself or others, petitioner contends his detention under Code § 19.2-169.3(F) is no longer statutorily or constitutionally permissible. In turn, petitioner appears to argue that, absent valid confinement under Code § 19.2-169.3(F), his pre-trial detention pursuant to only his remaining capital indictment would be unconstitutional because there is no possibility he will be restored to competency to stand trial. Accordingly, as stated by petitioner, his claim to habeas relief rises and falls on his establishing that, when issuing the May 11 order, the circuit court incorrectly determined the Commonwealth presented evidence satisfying the two requirements of Code § 19.2-169.3(F) enumerated above.

Considering the construction of petitioner's claim, we conclude the petition must be dismissed because an "order entered in the petitioner's favor will [not] result in a court order that, on its face and standing alone, will directly impact the duration of the petitioner's confinement." *Carrol v. Johnson*, 278 Va. 683, 693 (2009). Petitioner did not file his habeas petition until more than six months after the circuit court issued the May 11 order. On November 30, 2018, three days after petitioner filed his petition, the circuit court held a hearing and entered a new order confining him for an additional six-month period under Code § 19.2-169.3(F) ("November 30 order"). The November 30 order continued petitioner's case to May 30, 2019. Although neither party has provided further updates on petitioner's status, we presume petitioner is now confined pursuant to another order under Code § 19.2-169.3(F) that will expire in late November or early December 2019.[2]

Accordingly, since petitioner filed his habeas petition, his confinement pursuant to the May 11 order has ended and the circuit court has twice received evidence and reexamined whether petitioner satisfies the factual requirements of Code § 19.2-169.3(F), including that his continued treatment is "medically appropriate" and that he presents a danger to himself or others.[3] In doing so, the circuit court was required to review competency reports and hold hearings prior to each new order of confinement. *See* Code § 19.2-169.1(D)-(E).

---

[2] It is unclear why petitioner has not deemed it necessary to move to amend his petition or otherwise address these seemingly material developments in his circumstances.

[3] Effective July 1, 2019, Code § 19.2-169.3(F) was amended in several respects, none of which bear directly on our resolution of the present petition.

2

Consequently, petitioner is not currently detained pursuant to the May 11 order or the evidence supporting it. Thus, a determination by this Court that the May 11 order was incorrect or improper cannot, "on its face and standing alone, . . . directly impact" petitioner's present confinement. *Carrol*, 278 Va. at 693.

It is therefore ordered that the petition be dismissed. This dismissal is without prejudice to petitioner filing a habeas petition challenging a current order of confinement under Code § 19.2-169.3(F) or his seeking expedited review so as to permit timely resolution of his claim. Further, by virtue of this order, we offer no opinion on whether petitioner's claim is otherwise properly before this Court. Petitioner's present habeas petition is the latest of several unsuccessful direct and collateral attacks on his confinement under Code § 19.2-169.3(F), thus raising the possibility his claim is procedurally barred because he has raised or could have raised it in a previous proceeding. Upon further consideration whereof, the rules are discharged.

A Copy,

Teste:

Douglas B. Robelen, Clerk

3